## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**FCC HOTEL TOWER, LLC**,
a Florida limited liability company,

     Plaintiff,

     v.                        **CIVIL ACTION NO. 23-CV-702**

**THOMAS A. DRUMMOND**, an
individual, **MBOR INVESTMENTS, LLC**,
a Florida limited liability company,
**MBOR AMENITIES, LLC**, a Florida
limited liability company, **MBOR RENTALS**,
**LLC**, a Florida limited liability company,
and **VARIOUS JOHN DOES, JANE DOES**
and **ABC COMPANIES**,

     Defendants.

_____/

## <u>COMPLAINT</u>

<u>INJUNCTIVE RELIEF SOUGHT</u>

Plaintiff **FCC HOTEL TOWER, LLC**, a Florida limited liability

company (hereinafter "Plaintiff"), by and through the undersigned counsel,

hereby files this Complaint against Defendants **MBOR INVESTMENTS,**

**LLC**, a Florida limited liability company, **THOMAS A. DRUMMOND**, an

individual, **MBOR AMENITIES, LLC**, a Florida limited liability

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

company, **MBOR RENTALS, LLC**, a Florida limited liability company and **VARIOUS JOHN DOES, JANE DOES,** and **ABC COMPANIES** for Federal Trademark Infringement, Cyberpiracy, Federal Unfair Competition, Federal False Designation of Origin and False Description, Florida Unfair Competition, False Designation of Origin, False Description, and Copyright Infringement, and alleges the following:

## JURISDICTION

1.     This is a Complaint for Federal Trademark Infringement, Cyberpiracy, Federal Unfair Competition, Federal False Designation of Origin and False Description, Florida Unfair Competition, False Designation of Origin, False Description and Copyright Infringement.

2.     This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a), 15 U.S.C. §1125, and the principles of pendent jurisdiction.

3.     The matter in controversy exceeds, exclusive of interest and costs, the sum of five million dollars ($5,000,000.00).

4.     Venue is proper in this judicial district, and in this division thereof, pursuant to 28 U.S.C. §§1391 and 1400(a) in that Plaintiff's claim arises in this district and division.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

## PARTIES

5.    Upon information and belief, Defendant **THOMAS A. DRUMMOND** is an individual and, at all times material to the issues presented herein, was the principal of, as well as the conscious, active, and dominant force behind the illegal acts of the Defendants.

6.    Upon information and belief, Defendant **MBOR INVESTMENTS, LLC** is a Florida limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Marco Island, Florida.

7.    Upon information and belief, Defendant **MBOR INVESTMENTS, LLC** has committed the acts complained of herein in this District and division.

8.    Upon information and belief, Defendant **MBOR RENTALS, LLC** is a Florida limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Marco Island, Florida.

9.    Upon information and belief, Defendant **MBOR RENTALS, LLC** has committed the acts complained of herein in this District and division.

Tobin, Reyes, Alvarez & De Biase, PLLC
Mizner Park Office Tower • 225 N. E. Mizner Boulevard, Suite 510 • Boca Raton, Florida • 33432

10.     Upon information and belief, Defendant **MBOR AMENITIES, LLC** is a Florida limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Marco Island, Florida.

11.     Upon information and belief, Defendant **MBOR AMENITIES, LLC** has committed the acts complained of herein in this District and division.

12.     Upon information and belief, Defendants, **VARIOUS JOHN DOES, JANE DOES** and **ABC COMPANIES** are individuals and business entities engaged in the acts alleged herein together with the named Defendants.   The identities of these defendants presently are not and cannot be known to Plaintiff.

## PLAINTIFF AND ITS SUCCESS IN THE INDUSTRY

13.     Plaintiff **FCC HOTEL TOWER, LLC**, is a Florida limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at Naples, Florida.

14.     Plaintiff is a preeminent real estate development company recognized throughout the United States and around the world for outstanding real estate developments of exceeding quality and remarkable success.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

15.    Plaintiff is engaged in the field of the development of residential and commercial real estate, construction services, land development, various recreational, health and hospitality services and many other related and associated goods and services.

16.    Plaintiff's goods and services are offered to the public by many and various means in Southwest Florida, and throughout the State of Florida and the United States.

17.    Plaintiff has expended considerable and substantial sums of money in marketing and promoting its goods and services, resulting in an enviable portfolio of brand value, brand identity and brand recognition.

18.    Plaintiff's efforts and accomplishments have contributed to its excellent reputation and goodwill, making Plaintiff a well-known and recognized name in its field.

19.    Plaintiff's well-earned reputation and philosophy of providing the public with the highest quality goods and services have made it a leader in its field and has resulted in great acclaim and public acceptance.

20.    Plaintiff success is well known both to the consuming public and to its competitors.

21.    Plaintiff's reputation for excellence and its considerable success in the field of real estate development is due to in part to the

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

association that consumers draw between Plaintiff, as identified by its valuable name and brands, and the excellence of goods and services delivered by Plaintiff to its customers and to the public. The Marco Beach Ocean Resort name is well-known and recognized throughout the United States to the relevant consuming public for Plaintiff's services.

22. Plaintiff's philosophy of providing the highest quality services has made it an undisputed leader in the field of real estate, luxury real estate developments, and luxury resort vacation destinations, including rental property.

## Plaintiff's Marks

23. Plaintiff is the owner of all right, title and interest in and to the mark **MARCO BEACH OCEAN RESORT**, U.S. Trademark Registration No. 2733637 for "*Real estate development, development of commercial and residential buildings, namely a hotel and condominium, and restaurant services and bar services*", a registration which has become incontestable according to United States trademark law, with first use occurring at least as early as 1997, as well as the **Crest design** mark, U.S. Trademark Registration No. 5485376 for "*hotels; resort hotel; hotel; restaurant services; bar services, catering; providing banquet and social function facilities for special occasions; providing conference rooms;*

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

*providing convention facilities; providing facilities for exhibitions; providing temporary accommodation; resort lodging services; hospitality services in the nature of resort hotel services; spa services, namely, providing temporary accommodations and meals to clients of a health spa; and providing information, in the fields of the aforesaid services, via a global computer network; and massage services; health spa services for health and wellness of the body and spirit offered at a health resort; health spa services, namely, cosmetic body care services; and providing information, in the fields of the aforesaid services, via a global computer network*, a registration which has become <u>incontestable</u> according to United States trademark law, with first use occurring at least as early as 1999, as well as the mark **MBOR** for all of the foregoing services, among others (hereinafter "Plaintiff's Marks").

24.  Plaintiff's services have been widely promoted and extensively offered under Plaintiff's Marks throughout the United States, and specifically throughout Southwest Florida, and Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its valuable goodwill.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

25.     Plaintiff enjoys considerable success and an enviable reputation in its industry due in large part to its use of, and rights in, Plaintiff's Marks, as well as the superior quality of Plaintiff's services.

26.     Plaintiff's success has also been the result of great investment and expenditure by Plaintiff to develop and protect its high quality services.   As a result of Plaintiff's investment, Plaintiff's Marks have become synonymous with high-quality luxury guest, hospitality, restaurant and resort services.

27.     Plaintiff's Marks have been extensively and continuously marketed and promoted to the public through various modes.   By reason of such marketing and promotion, as well as the high quality of Plaintiff's services, the goodwill, reputation and brand identity in Plaintiff's Marks, Plaintiff's Marks are paramount and highly valued by Plaintiff.

28.     Plaintiff and Defendants' goods and services are and have been offered in commerce in direct competition.

### **Plaintiff's Copyrights**

29.     Plaintiff **FCC HOTEL TOWER, LLC** is the owner of all right, title and interest, including without limitation copyright, in and to the following works (hereinafter the "Plaintiff's Copyright Protected Work"), among many others:

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432



(a)      *Title of the work: MBOR Crest and Artistic Detail Painting*



(b)      *Title of the work: MBOR Front Aerial Cabana Left Three*

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432



*(c)      Title of the work:   MBOR Lobby*



*(d)      Title of the work: MBOR Beach View*

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432



*(e)      Title of the work: MBOR Beach and Boardwalk*



*(f)      Title of the work: MBOR Pool Daytime*

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432



*(g)   Title of the work: MBOR Pool Dusk*

## THE ILLEGAL ACTS OF THE DEFENDANTS

30.   Defendants have used and/or are using the Plaintiff's registered marks without permission.   Defendants are operating a commercial enterprise illegally using the Plaintiff's Marks, including the individual, **THOMAS A. DRUMMOND**, and also a number of business entities, including, but not limited to, **MBOR INVESTMENTS, LLC**, a Florida limited liability company, **MBOR AMENITIES, LLC**, a Florida limited liability company, **MBOR RENTALS, LLC**, a Florida limited liability company.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

31.    Defendants are illegally using the trademarks MBOR, MARCO BEACH OCEAN RESORT, and Plaintiff's **Crest design,** for Defendants' business operations, and are doing so in the exact same geographical area as Plaintiff (hereinafter the "Illegally Branded Business").

32.    The below shows actual infringing acts of the Defendants now occurring and/or which have occurred, as of the filing of this Complaint, and features prominently the individual Defendant THOMAS DRUMMOND as acting in connection therewith:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

https://www.vrbo.com/1595906



33.   One or more of the herein Defendants copied and used the below images to offer goods or services to others:



34.   One or more of the herein Defendants copied and used the
below images to offer goods or services to others:



35.   One or more of the herein Defendants copied and used the
below images to offer goods or services to others:

https://www.airbnb.com/users/63476935/listings



36.     One or more of the herein Defendants copied and used the below images to offer goods or services to others:



37.     One or more of the herein Defendants copied and used the below images to offer goods or services to others:

https://www.airbnb.com/users/63476935/listings



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

38.   One or more of the herein Defendants copied and used the below images to offer goods or services to others:



39.    One or more of the herein Defendants copied and used the below images to offer goods or services to others:





TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

40.    One or more of the herein Defendants copied and used the below images to offer goods or services to others:



41.   One or more of the herein Defendants copied and used the below images to offer goods or services to others:







TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

42.     One or more of the herein Defendants copied and used the

below images to offer goods or services to others:







TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

43.     One or more of the herein Defendants copied and used the below images to offer goods or services to others:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

44.    One or more of the herein Defendants copied and used the below images to offer goods or services to others:



45.   One or more of the herein Defendants copied and used the below images to offer goods or services to others:



46.    One or more of the herein Defendants copied and used the below images to offer goods or services to others:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

47.    One or more of the herein Defendants copied and used the below images to offer goods or services to others:



48.    One or more of the herein Defendants copied and used the below images to offer goods or services to others:



49.     One or more of the herein Defendants copied and used the below images to offer goods or services to others:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

50.    One or more of the herein Defendants applied for the below license, using the term MBOR:





**STATE OF FLORIDA**
**DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION**

2601 BLAIR STONE ROAD
TALLAHASSEE FL 32399-1011

Congratulations! With this license you become one of
the nearly one million Floridians licensed by the
Department of Business and Professional Regulation.
Our professionals and businesses range from architects
to yacht brokers, from boxers to barbeque restaurants,
and they keep Florida's economy strong.

Every day we work to improve the way we do business
in order to serve you better. For information about our
services, please log onto www.myfloridalicense.com.
There you can find more information about our
divisions and the regulations that impact you, subscribe
to department newsletters and learn more about the
Department's initiatives.

Our mission at the Department is: License Efficiently,
Regulate Fairly. We constantly strive to serve you
better so that you can serve your customers. Thank you
for doing business in Florida, and congratulations on
your new license!



STATE OF FLORIDA DEPARTMENT
OF BUSINESS AND PROFESSIONAL
REGULATION

CND2102868                     ISSUED: 10/20/2021
SINGLE VACATION RENTAL-CNDO-2006
MBOR INVESTMENTS LLC
MARCO BEACH OCEAN RESORT

_____
Signature
LICENSED UNDER CHAPTER 509, FLORIDA STATUTES
EXPIRATION DATE:  DECEMBER 1, 2022

---

Ron DeSantis, Governor                                                                    Julie I. Brown, Secretary

**STATE OF FLORIDA**
**DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION**
**DIVISION OF HOTELS AND RESTAURANTS**

**LICENSE NUMBER: CND2102868**
                                                           **EXPIRATION DATE:  DECEMBER 1, 2022**

THE SINGLE VACATION RENTAL-CNDO-2006 HEREIN IS LICENSED UNDER THE
PROVISIONS OF CHAPTER 509, FLORIDA STATUTES

MBOR INVESTMENTS LLC
MARCO BEACH OCEAN RESORT
480 S COLLIER BLVD
MARCO ISLAND          FL 34145

ISSUED: 10/20/2021                 Always verify licenses online at MyFloridaLicense.com
                                              Do not alter this document in any form.
                    This is your license. It is unlawful for anyone other than the licensee to use this document.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

51.     One or more of the herein Defendants made, published, and used the below business card and directed copies of same to be made and given to others:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

52.     One or more of the herein Defendants made, published, and used the below navy blue shirt, bearing the Plaintiff's Crest design to be procured, worn, and/or presented to consumers at one or more locations where Defendants' unauthorized services were and/or are being rendered.



(Defendants' infringing use of the Crest design on clothing)

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

53.    The Defendants' acts falsely suggest an affiliation with Plaintiff.

54.    The Illegally Branded Business is the exact location of Plaintiff's MARCO BEACH OCEAN RESORT development, and the prominent multiple displays of Plaintiff's Marks.

55.    The Defendants are currently offering and or conducting an Illegally Branded Business under the marks "MBOR", "MARCO BEACH OCEAN RESORT" and the Crest design (herein the "Infringing Marks").

56.    Defendants' acts wrongly trade upon the Plaintiff's valuable trademark rights and suggest an affiliation, sponsorship or false connection with Plaintiff.

57.    Defendants, with actual knowledge and notice of Plaintiff's rights in Plaintiff's Marks, created, orchestrated, installed, displayed, copied, implemented, and distributed, unauthorized materials and related usage of the Plaintiff's Marks on services, buildings, structures, commercial establishments, and/or the like, in the exact geographic location of Plaintiff's MARCO BEACH OCEAN RESORT development.

58.    Defendants have acted with intent to profit from Plaintiff's Marks and the goodwill associated with the same by registering, directly causing or actively participating in the registration of and commercial use

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

of the domain name **marcobeachocean.com** (hereinafter the "Infringing Domain Name"), which is identical to, confusingly similar to or dilutive of at least one of Plaintiff's Marks.

59.    Defendants chose to use the Plaintiff's Marks due largely, or entirely, to Plaintiff's previously established, and painstakingly developed, goodwill, brand value, brand identity, market and recognition embodied in Plaintiff's Marks, and specifically protected by, among other rights, Plaintiff's federally registered and incontestable United States Trademark Registration No. 2733637 for the mark **MARCO BEACH OCEAN RESORT**.

### Defendants' Illegal Use of Plaintiff's Copyright Protected Work

60.    Defendants have made copies and unauthorized reproductions of each and all of the works of Plaintiff's Copyright Protected Work.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

61.    Defendants have made copies and unauthorized reproductions

of the photograph immediately below:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

62.   Defendants made copies and unauthorized reproductions of the photograph immediately below:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

63.    Defendants have made copies and unauthorized reproductions

of the photograph immediately below:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

64.    Defendants have made copies and unauthorized reproductions of the photograph immediately below:



Tobin, Reyes, Alvarez & De Biase, PLLC
Mizner Park Office Tower • 225 N. E. Mizner Boulevard, Suite 510 • Boca Raton, Florida • 33432

65.    Defendants have made copies and unauthorized reproductions

of the photograph immediately below:



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114, 1115, 1117)

(*U.S. Trademark Reg. No. 2733637 for MARCO BEACH OCEAN RESORT*)

66.    The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

67.    Upon information and belief, Defendants **THOMAS A. DRUMMOND**, **MBOR INVESTMENTS, LLC**, **MBOR AMENITIES, LLC**, **MBOR RENTALS, LLC**, have been regularly and actively engaged in the unauthorized, false, misleading, and deceiving use of services under the Plaintiff's registered mark "MARCO BEACH OCEAN RESORT" in direct contravention of Plaintiff's rights.

68.    Defendants have used and/or are using the **identical** term MARCO BEACH OCEAN RESORT in the same channels of trade to those of Plaintiff.

69.    Plaintiff has repeatedly notified Defendants of Plaintiff's intellectual property rights and of Defendants' infringing acts and has requested that Defendants cease and desist from their infringing activities, yet no substantive response has been forthcoming to date.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

70.     Defendants' false, misleading and deceiving usages as set forth in this Complaint are, and will be, without permission or authority of Plaintiff.

71.     Defendants' misleading usages have been offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

72.     By publishing, utilizing, and distributing the various unauthorized materials set forth in this Complaint, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

73.     Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into assuming that Plaintiff's services are inferior to Defendants' services.

74.     The use by Defendants of the false, misleading and deceiving materials constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

75.     The unauthorized use of the false, misleading, and deceiving materials causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's services.

76.     Defendants' misleading material has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

77.     Defendants have acted with intent to profit, and have profited, from Plaintiff's Marks and the goodwill associated with the same by registering, directly causing or actively participating in the registration and commercial use of the domain name marcobeachocean.com, which is identical to, confusingly similar to or dilutive of at least one of Plaintiff's Marks.

78.     Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

79.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's reputation.

80.   Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1114, 1115 and 1117.

81.   Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

82.   Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

83.   As a result, Plaintiff has suffered damages with interest.

84.   Plaintiff has no adequate complete remedy at law.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

## COUNT II

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114, 1115, 1117)

*(U.S. Trademark Reg. No. 5485376 for the Crest Design )*



85.     The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

86.     Upon information and belief, Defendants **THOMAS A. DRUMMOND**, **MBOR INVESTMENTS, LLC**, **MBOR AMENITIES, LLC**, **MBOR RENTALS, LLC**, have been regularly and actively engaged in the unauthorized, false, misleading, and deceiving use of services under Plaintiff's Crest design mark in direct contravention of Plaintiff's rights.

87.     Defendants have used and/or are using the identical Crest design to that of Plaintiff's registered and incontestable Crest design mark set forth herein, in the same channels of trade to those of Plaintiff.

88.     Plaintiff has repeatedly notified Defendants of Plaintiff's intellectual property rights and of Defendants' infringing acts and has

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

requested that Defendants cease and desist from their infringing activities, yet no substantive response has been forthcoming to date.

89.   Defendants' false, misleading and deceiving acts as set forth in this Complaint are, and will be, without permission or authority of Plaintiff.

90.   The misleading material has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

91.   By publishing, utilizing, and distributing the materials set forth in this Complaint, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

92.   Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into assuming that Plaintiff's services are inferior to Defendants' services.

Tobin, Reyes, Alvarez & De Biase, PLLC
Mizner Park Office Tower • 225 N. E. Mizner Boulevard, Suite 510 • Boca Raton, Florida • 33432

93.     The use by Defendants of the false, misleading and deceiving materials set forth in this Complaint constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

94.     The unauthorized use of the false, misleading, and deceiving material causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's services.

95.     Defendants' misleading material has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

96.     Defendants have acted with intent to profit, and have profited, from Plaintiff's Crest design mark and the goodwill associated with the same by usage of the same mark.

97.     Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

98.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's reputation.

99.     Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1114, 1115 and 1117.

100.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

101.    Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

102.    As a result, Plaintiff has suffered damages with interest.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

103.   Plaintiff has no adequate complete remedy at law.

## COUNT III

### FEDERAL TRADEMARK INFRINGEMENT/UNFAIR COMPETITION (15 U.S.C. §§ 1125)

*(The Mark MBOR)*

104.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count Upon information and belief, Defendants **THOMAS A. DRUMMOND**, **MBOR INVESTMENTS, LLC**, **MBOR AMENITIES, LLC**, **MBOR RENTALS, LLC**, have been regularly and actively engaged in the unauthorized, false, misleading, and deceiving use of services under the mark "MBOR" in direct contravention of Plaintiff's rights.

105.   Defendants have used and/or are using the **identical** term MBOR in the same channels of trade to those of Plaintiff.

106.   Plaintiff has repeatedly notified Defendants of Plaintiff's intellectual property rights and of Defendants' infringing acts and has requested that Defendants cease and desist from their infringing activities, yet no substantive response has been forthcoming to date.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

107.   Defendants' false, misleading and deceiving actions are, and will be, without permission or authority of Plaintiff.

108.   The Defendants' misleading material has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

109.   By publishing, utilizing, and distributing the materials set forth in this Complaint, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

110.   Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into assuming that Plaintiff's services are inferior to Defendants' services.

111.   The use by Defendants of the false, misleading and deceiving material constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

112.   The unauthorized use of the false, misleading, and deceiving material causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's services.

113.   Defendants' misleading material has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

114.   Defendants have acted with intent to profit, and have profited, from Plaintiff's Marks and the goodwill associated with the same by registering, directly causing or actively participating in the registration and commercial use of the domain name marcobeachocean.com, which is identical to, confusingly similar to or dilutive of at least one of Plaintiff's Marks.

115.   Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

116.   Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's reputation.

117.   Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1114, 1115 and 1117.

118.   Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

119.   Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

120.   As a result, Plaintiff has suffered damages with interest.

121.   Plaintiff has no adequate complete remedy at law.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

## COUNT IV
## CYBERPIRACY
## (15 U.S.C. § 1125 (d))

### (Domain: marcobeachocean.com)

122.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

123.   Defendants' registration and use of the domain name **marcobeachocean.com** constitutes cyberpiracy, among the other wrongs referred to herein, and is a violation of the Lanham Act, 15 U.S.C. § 1125 (d).

124.   Upon information and belief, at all times material to the issues presented herein, Defendants had actual, prior knowledge of Plaintiff, and Plaintiff's rights and Plaintiff's extensive success in connection with Plaintiff's Marks.

125.   The Infringing Domain Name is, for all intents and purposes, identical or confusingly similar to Plaintiff's registered and incontestable mark MARCO BEACH OCEAN RESORT.

126.   Defendants intended to profit from Plaintiff's Marks and willfully undertook the foregoing acts for commercial gain and with actual knowledge of or disregard for Plaintiff's rights, causing a diversion of internet users from Plaintiff to Defendants, a likelihood of confusion in the

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

marketplace, including but not limited to initial interest confusion, and a resultant loss of business and other harm and damage to Plaintiff.

127.   Defendants' registration and use of the Infringing Domain Name, as alleged herein, has caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

128.   As a result, Plaintiff has suffered damages with interest.

129.   Plaintiff has no adequate, complete remedy at law.

## COUNT V

## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

130.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

131.   Upon information and belief, Defendant **THOMAS A. DRUMMOND**, **MBOR INVESTMENTS, LLC**, **MBOR AMENITIES, LLC**, **MBOR RENTALS, LLC**, have been regularly and actively engaged in the unauthorized, false, misleading, and deceiving use of its services under the name ""MARCO BEACH OCEAN RESORT" and "MBOR"" in direct contravention of Plaintiff's rights. Defendants use of the mark "MARCO BEACH OCEAN RESORT" and "MBOR", for example, is shown below:





TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432





TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432









TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432





TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432



RESERVATIONS

239-235-9035

MarcoBeachOcean.com

480 South Collier Blvd
Marco Island, FL 34145

Stay@MarcoBeachOcean.com



(Defendants' infringing use)

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

132.    Defendant's founder and predecessor, as well as one or more of Defendant's agents, were direct customers of Plaintiff for the "MARCO BEACH OCEAN RESORT" and "MBOR" branded services.

133.    Defendants' false, misleading and deceiving material is, and will be, without permission or authority of Plaintiff.

134.    The misleading material has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

135.    By publishing, utilizing, and distributing this material, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

136.    Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into assuming that Plaintiff's services are inferior to Defendants' services.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

137.    The use by Defendants of the false, misleading and deceiving material constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

138.    The unauthorized use of the false, misleading, and deceiving material causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's services.

139.    Defendants' misleading material has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

140.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

141.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

approval of such services; and irreparably harms and injures Plaintiff's reputation.

142.   Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1125(a).

143.   Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

144.   Defendants' acts as alleged herein constitute unfair competition which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.§1125(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

145.   As a result, Plaintiff has suffered damages with interest.

146.   Plaintiff has no adequate complete remedy at law.

## <u>COUNT VI</u>

## <u>FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION<br>(15 U.S.C. §1125(a)(1)(a))</u>

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC<br>MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

147.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

148.   Defendants have used and published the material set forth and identified in this Complaint.

149.   Defendants' acts as alleged herein, in violation of 15 U.S.C. §1125(a)(1)(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

150.   As a result, Plaintiff has suffered damages with interest.

151.   Plaintiff has no adequate complete remedy at law.

**COUNT VII**

**STATE OF FLORIDA - UNFAIR COMPETITION**

152.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

153.   Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes §495.131 et seq.

154.   Defendants' acts as alleged herein constitute unfair competition, a false designation of origin, a false and misleading

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

description of fact or a false or misleading representation of fact, in violation of Florida law.

155.   Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

156.   As a result, Plaintiff has suffered damages with interest.

157.   Plaintiff has no adequate complete remedy at law.

## COUNT VIII

## STATE OF FLORIDA - FALSE DESIGNATION OF ORIGIN

158.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

159.   Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes §495.131 et seq.

160.   Defendants' acts as alleged herein constitute unfair competition, a false designation of origin, a false and misleading description of fact or a false or misleading representation of fact, in violation of Florida law.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

161.   Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

162.   As a result, Plaintiff has suffered damages with interest.

163.   Plaintiff has no adequate complete remedy at law.

## COUNT IX

## STATE OF FLORIDA - FALSE DESCRIPTION

164.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

165.   Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes §495.131 et seq.

166.   Defendants' acts as alleged herein constitute unfair competition, a false designation of origin, a false and misleading description of fact or a false or misleading representation of fact, in violation of Florida law.

167.   Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

168.   As a result, Plaintiff has suffered damages with interest.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

169.   Plaintiff has no adequate complete remedy at law.

## COUNT X

## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Crest and Artistic Detail Painting)*



170.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

171.   This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

172.   Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the MBOR Crest and Artistic Detail Painting set forth in this Complaint and entitled MBOR Crest and Artistic Detail Painting, which work is original to Plaintiff and has been duly filed

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

with the United States Copyright Office and has received corresponding confirmation 1-12896305331.

173.   Defendants have copied, and made unauthorized copies of, each and all of the works of Plaintiff's Copyright Protected Work.

174.   Defendants have copied, and made unauthorized copies of, the photograph set forth hereinabove as entitled MBOR Crest and Artistic Detail Painting.

175.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq. have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

176.   As a result, Plaintiff has suffered damages with interest.

177.   Plaintiff has no adequate complete remedy at law.

## COUNT XI

## COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Front Aerial Cabana Left Three)*

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432



178.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

179.   This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

180.   Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the photograph set forth in this Complaint and entitled *MBOR Front Aerial Cabana Left Three*, which work is original to Plaintiff and has been duly filed with the United States Copyright Office and has received corresponding confirmation 1-12896435980.

181.   Defendants have copied, and caused copies and unauthorized reproductions to be made of, each and all of the works of Plaintiff's Copyright Protected Work.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

182.   Defendants have copied, and caused copies and unauthorized reproductions to be made of, the photograph set forth hereinabove as entitled *MBOR Front Aerial Cabana Left Three*.

183.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq. have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

184.   As a result, Plaintiff has suffered damages with interest.

185.   Plaintiff has no adequate complete remedy at law.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

## COUNT XII

## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Lobby)*



186.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

187.   This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

188.   Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the photograph set forth in this Complaint and entitled *MBOR Lobby*, which work is original to Plaintiff and has been duly filed with the United States Copyright Office and has received corresponding confirmation 1-12896536418.

189.   Defendants have copied, and made unauthorized copies of, each and all of the works of Plaintiff's Copyright Protected Work.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

190.   Defendants have copied, and made unauthorized copies of, the photograph set forth hereinabove as entitled *MBOR Lobby*.

191.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq. have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

192.   As a result, Plaintiff has suffered damages with interest.

193.   Plaintiff has no adequate complete remedy at law.

## COUNT XIII

## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Beach View)*



TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

194.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

195.   This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

196.   Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the photograph set forth in this Complaint and entitled *MBOR Beach View*, which work is original to Plaintiff and has been duly filed with the United States Copyright Office and has received corresponding confirmation 1-12896704318.

197.   Defendants have copied, and made unauthorized copies of, each and all of the works of Plaintiff's Copyright Protected Work.

198.   Defendants have copied, and made unauthorized copies of, the photograph set forth hereinabove as entitled *MBOR Beach View*.

199.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq. have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

200.   As a result, Plaintiff has suffered damages with interest.

201.   Plaintiff has no adequate complete remedy at law.

## COUNT XIV

## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Beach and Boardwalk)*



202.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

203.   This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

204.   Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the photograph set forth in this Complaint and entitled *MBOR Beach and Boardwalk*, which work is original to Plaintiff and has been duly filed with the United States

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

Copyright Office and has received corresponding confirmation 1-12896590836.

205.   Defendants have copied, and made unauthorized copies of, each and all of the works of Plaintiff's Copyright Protected Work.

206.   Defendants have copied, and made unauthorized copies of, the photograph set forth hereinabove as entitled *MBOR Beach and Boardwalk*.

207.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq. have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

208.   As a result, Plaintiff has suffered damages with interest.

209.   Plaintiff has no adequate complete remedy at law.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

## COUNT XV

## COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Pool Daytime)*



210.    The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

211.    This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

212.    Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the photograph set forth in this Complaint and entitled *MBOR Pool Daytime*, which work is original to Plaintiff and has been duly filed with the United States Copyright Office and has received corresponding confirmation 1-12904238391.

213.    Defendants have copied, and made unauthorized copies of, each and all of the works of Plaintiff's Copyright Protected Work.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

214.   Defendants have copied, and made unauthorized copies of, the photograph set forth hereinabove as entitled *MBOR Pool Daytime*.

215.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq. have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

216.   As a result, Plaintiff has suffered damages with interest.

217.   Plaintiff has no adequate complete remedy at law.

### COUNT XVI

### COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101 et seq

*(Title of the Work: MBOR Pool Dusk)*

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

218.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

219.   This Count is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

220.   Plaintiff is the owner of all right, title and interest, including without limitation copyright, in and to the photograph set forth in this Complaint and entitled *MBOR Pool Dusk*, which work is original to Plaintiff and has been duly filed with the United States Copyright Office and has received corresponding confirmation 1-12896646410.

221.   Defendants have copied, and made unauthorized copies of, each and all of the works of Plaintiff's Copyright Protected Work.

222.   Defendants have copied, and made unauthorized copies of, the photograph set forth hereinabove as entitled *MBOR Pool Dusk*.

223.                                                               As a result, Plaintiff has suffered damages with interest.

224.   Defendants' acts, as alleged herein, with respect to their widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of Plaintiff's Work constitutes copyright infringement in violation of 17 U.S.C. §101 et seq.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

225. Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i. from directly or indirectly using the Plaintiff's Marks, or any confusingly similar variants, iterations, versions, or forms thereof, in any shape or manner, which may be likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   ii. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation;

   iii. from engaging in any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to any mark of Plaintiff's Marks;

   iv. from engaging in any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services as those of Plaintiff;

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

v.     from engaging in any acts of unfair competition, false or misleading descriptions of fact or false or misleading statements of fact that misrepresent the nature, characteristics and/or qualities of Defendants' goods or services;

vi.    from making any statements on promotional materials for the Defendants' goods/services which are false or misleading as to source or origin;

vii.   from directly or indirectly using the false and misleading material and/or promotional material which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

viii.  from utilizing the false and misleading material in any shape or manner;

ix.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, materials, signs, or any other representations, regardless of the medium, which bear unauthorized, false and misleading photographs and/or statements, and from otherwise unfairly competing in any way with Plaintiff;

x.     to deliver up to Plaintiff all literature, material, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the unauthorized false and misleading material, including but not limited to, false and misleading photographs and/or statements;

xi.    to notify their direct customers, agents, and representatives that the herein-described materials do not accurately depict Plaintiff's goods and services; and

xii.   to immediately institute full compliance with any order entered by this Court and, within thirty days following

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER · 225 N. E. MIZNER BOULEVARD, SUITE 510 · BOCA RATON, FLORIDA · 33432

the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.  an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff, in an amount to be determined, including such statutory, enhanced or treble damages as may be applicable and as Plaintiff may be entitled;

d.  an Order directing the removal, forfeiture or transfer of the Infringing Domain Name to Plaintiff;

e.  an Order requiring Defendants to disseminate pre-approved corrective materials to all customers, prospective customers, agents and representatives to address the likelihood of confusion caused by Defendants' acts;

f.  an Order requiring Defendants to pay Plaintiff damages, in an amount to be determined, resulting from Defendants' unlawful acts and that such damages be trebled, pursuant to 15 U.S.C. § 1117 and other applicable laws.

g.  an award of statutory, punitive, exceptional or enhanced damages, including under 17 U.S.C. §504(c), and §504(c)(2);

h.  an award of attorneys' fees and costs pursuant to 15 U.S.C. §1117; and

i.  and such other and further interlocutory, equitable, monetary, and permanent relief as this Court may deem just and proper.

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

Respectfully submitted,

s/ *Ricardo A. Reyes*
Ricardo A. Reyes rar@tobinreyes.com
Florida Bar No. 864056
*Attorneys for Plaintiffs*
TOBIN, REYES, ALVAREZ &
DE BIASE, PLLC
225 N.E. Mizner Boulevard, Suite 510
Boca Raton, Florida 33432
Tel:  (561) 620-0656
Fax:  (561) 620-0657
Primary Email:
eservice@tobinreyes.com
Secondary:   rreid@tobinreyes.com

TOBIN, REYES, ALVAREZ & DE BIASE, PLLC
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432