UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FCC HOTEL TOWER, LLC, a
Florida limited liability company,

     Plaintiff,

v.                             Case No.:  2:23-cv-702-SPC-KCD

THOMAS A. DRUMMOND, MBOR
INVESTMENTS, LLC, MBOR
AMENITIES, LLC and MBOR
RENTALS, LLC,

     Defendants.

_____/

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 39) and Plaintiff's Response (Doc. 39).

## Background

This trademark and copyright case centers on a real estate development called Marco Beach Ocean Resort in Marco Beach, Florida.  Plaintiff FCCC Hotel Tower, LLC is a real estate development company.  It claims ownership to two registered trademarks—MARCO BEACH OCEAN RESORT and a crest design that acts as a logo for the resort—the unregistered trademark MBOR, and copyrights to certain photographs of the property.  Defendants own condominium units in the resort, which they rent to customers.  Defendants

use FCCC Hotel's trademarks and copyright-protected photographs in the online listings for their condos. FCCC Hotel asserts 17 claims against Defendants in its Second Amended Complaint. Defendants move to dismiss four of them—Counts 7-10.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

## Discussion

Defendants first argue Count 7 is duplicative of Count 6 and attempts to state a "federal unfair competition" claim that does not exist under federal law. FCCC Hotel counters that Count 7 asserts a claim for false designation of origin under Section 1125(a)(1)(A) of the Lanham Act, and that Counts 6 and 7 allege infringements of separate unregistered trademarks.

"Duplicative claims are those that stem from identical allegations, that are under identical legal standards, and for which identical relief is available." *Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (quoting *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)). "To promote judicial economy, a court 'should dismiss claims that are duplicative of other claims.'" *Id.* (quoting *Wultz*, 755 F. Supp. 2d at 81)).

Count 7 is brief. Of its five paragraphs, four are identical to paragraphs in Count 6. That includes the first paragraphs of both counts, which incorporate the exact same factual allegations from earlier sections of the complaint. Count 6 includes some additional allegations and examples of Defendants' use of FCCC Hotel's registered and unregistered marks. The only unique paragraph in Count 7 alleges, "Defendants have used and published the material set forth and identified in this Complaint." (Doc. 36 at 64).

On its face, Count 7 does not appear distinct from Count 6 in any way. FCCC Hotel's explanation that Counts 6 and 7 are based on separate unregistered marks makes no sense because FCCC Hotels only alleges it owns one unregistered mark—MBOR. While Count 6 includes some specific examples of alleged unlawful uses of FCCC Hotels' marks, it does not appear limited to those examples, and it incorporates the same paragraphs alleging other uses as Count 7. The Court will thus dismiss Count 7 as duplicative of Count 6.

Counts 8-10 purport to assert state claims for unfair competition, false designation of origin, and false description, but they are identical except for their titles. All three include a confusing paragraph: "Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes § 495.131 et seq." (Doc. 36 at 64-66). That can pass for plausible legalese to an untrained reader, but any attorney should know that federal courts do not derive subject-matter jurisdiction from state statutes. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Even if the Florida statutes were relevant to subject-matter jurisdiction, § 495.131 is a strange place to begin an "et seq." reference because it is not the beginning of the chapter on trademarks. Rather, it establishes a statutory cause of action for infringement of a trademark registered in Florida.

Defendants argue FCCC Hotel cannot state a claim for trademark infringement under Fla. Stat. § 495.131 because it has no trademarks registered under Florida law. Plaintiffs respond that Counts 8-10 assert common law rights under Florida law, not statutory infringement.

Defendants' apparent misconception about the nature of Counts 8-10 is understandable due to FCCC Hotel's misplaced reference to Fla. Stat. § 495.131. But Florida law allows common law owners of unregistered marks to pursue common law remedies. *Tally-Ho, Inc. v. Coast Cmty., Coll. Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1989). Thus, FCCC Hotel may pursue common law remedies under Florida law despite its lack of any Florida trademark registrations. However, Counts 8-10 are identical, and their distinct titles do not change their substance. The Court will thus dismiss Counts 9 and 10 as duplicative of Count 8.

Finally, FCCC Hotel's Response requests leave to amend if the Court dismisses any counts. The Court denies the request. FCCC Hotel has already amended twice, and the deadline to amend pleadings was February 15, 2024. What is more, the counts dismissed here are entirely duplicative of surviving counts, so FCCC Hotel is not losing any allegations not made elsewhere in the Second Amended Complaint.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 39) is **GRANTED in part and DENIED in part**. Counts 7, 9, and 10 of the Second Amended Complaint (Doc. 36) are **dismissed** as duplicative.

**DONE** and **ORDERED** in Fort Myers, Florida on March 22, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record