UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FCC HOTEL TOWER, LLC, a
Florida limited liability company,

    Plaintiff,

v.                                                            Case No.:  2:23-cv-702-SPC-KCD

THOMAS A. DRUMMOND, MBOR
INVESTMENTS, LLC, MBOR
AMENITIES, LLC, AND MBOR
RENTALS, LLC,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendants' Amended Motion to Strike Punitive Damages Claim (Doc. 51) and Plaintiff's Response in Opposition to Defendants' Amended Motion to Strike Punitive Damages Claim (Doc. 52). For the below reasons, the Court denies the motion.

### BACKGROUND[1]

At issue in this trademark and copyright case are certain trademarks and photographs owned by Plaintiff to promote the Marco Beach Ocean Resort. (*See* Doc. 36). Defendants, owners of certain condominium units at Marco Beach Ocean Resort, have allegedly used Plaintiff's trademarks and

---

[1] These are the relevant facts as alleged in Plaintiff's Second-Amended Complaint. (Doc. 36).

photographs to promote their rental business. (*Id.*). Under the Court's Order on Defendants' Motion to Dismiss, fourteen of the original seventeen counts remain. (Doc. 55).

Defendants move to strike Plaintiff's prayer for punitive damages arguing that (1) punitive damages under Count VIII[2] are improper and confuse the issues because Florida Statute § 495.121 (the Chapter's only reference to punitive damages) requires showing fraudulent registration of trademarks; (2) Plaintiff's failure to comply with the pleading requirements of Florida Statute § 768.72 forecloses his ability to recover punitive damages, rendering them immaterial to the dispute; and (3) Plaintiff's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure has prejudiced Defendants. (Doc. 51 at 6-8).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike's purpose is "to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). Courts disfavor motions to strike due to their drastic nature. *United States Sec. &*

---

[2] Defendants argue that punitive damages are not proper under Counts VIII, IX, and X. (Doc. 51 at 7, 8). That said, Counts IX and X have been dismissed. (Doc. 55).

*Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-CV-448-T-33CPT, 2019 WL 3323477, at *1 (M.D. Fla. July 24, 2019). Generally, courts decline to strike a pleading unless the matter sought to be omitted has "no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice[.]" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26TBM, 2012 WL 12920185, at *1 (M.D. Fla. Sept. 17, 2012). Punitive damages can be the subject of a motion strike. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).

## DISCUSSION

As a threshold issue, Defendants' Amended Motion to Strike was untimely. Defendants' original motion to strike (Doc. 38) failed to comply with the Court's Civil Action Order (Doc. 41 at 8). So, the Court ordered Defendants to supplement their motion on or before February 22, 2024. (Doc. 42). Rather than comply, Defendants filed their amended motion on March 8, 2024, more than two weeks after the deadline. This alone supports denial.

Defendants' arguments do not fare much better on the merits, either. First, Defendants erroneously argue that Plaintiff's claims do not entitle it to punitive damages. (Doc. 51 at 2). Punitive damages are recoverable under a Florida common-law claim for unfair competition (Count VIII in Plaintiff's Second-Amended Complaint), so long as there is a finding of "intentional misconduct" or "gross negligence." *United Feature Syndicate, Inc. v. Sunrise*

3

*Mold Co.*, 569 F. Supp. 1475, 1481 (S.D. Fla. 1983) (awarding punitive damages for a Florida common law unfair competition claim); Fla. Stat. § 768.72. Defendants' suggestion that Florida Statute § 495.121's punitive damage liability for fraudulent registration of trademarks somehow precludes recovery of punitive damages under Florida Statute § 768.72 is confusing and wrong. (Doc. 51 at 7, 8).

Second, Defendants argue that Plaintiff fails to comply with the pleading requirements of Florida Statute § 768.72. Plaintiff's unfair competition claim requires: "(1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." *Glob. Tel\*Link Corp. v. Scott*, 652 F. Supp. 2d 1240, 1250 (M.D. Fla. 2009). Plaintiff argues punitive damages are recoverable under this claim based on Defendants' intentional misconduct (Doc. 52 at 8), meaning they "had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." Fla. Stat. § 768.72. Claimants in federal court must comply with the substantive pleading standard found in Florida Statute § 768.72 requiring a "reasonable showing" demonstrating a "reasonable basis for recovery of such damages." *Gerlach v. Cincinnati Ins. Co.*, No. 2:12-CV-322-FTM-29, 2012 WL 5507463, at \*2 (M.D. Fla. Nov. 14, 2012) (stating that Florida Statute § 768.72 "does not conflict with Fed.R.Civ.P. 8(a)(2) (permitting

4

a 'short and plain statement of the claim') because a prayer for punitive damages is not a 'claim' within the meaning of that Rule."). Defendants argue that Plaintiff has not complied with these pleading standards, so the request for punitive damages should be stricken. (Doc. 51 at 7). Under Florida law, to recover punitive damages, plaintiffs "must plead specific acts" and cannot "merely set[] forth conclusory allegations [.]" *Porter*, 241 F.3d at 1341.

Plaintiff alleges that Defendants' use of Plaintiff's intellectual property—while operating its business in the same geographic location as Plaintiff—falsely suggested an affiliation with Plaintiff. (Doc. 36 at ¶¶ 29–58). Defendants purportedly used Plaintiff's photographs and/or trademarks on their online rental listings, business cards, shirts, a business license filed with the State of Florida, and in domain names. (*Id.* at ¶¶ 31–51, 57). Plaintiff's Second Amended Complaint includes explicit screenshots and photographs of Defendants' conduct. (*Id.* at ¶¶ 31–51). Clearly, Plaintiff has presented a "reasonable showing" demonstrating a "reasonable basis for recovery of such damages." Fla. Stat. § 768.72; *Davis v. Wing Enterprises, Inc.*, No. 2:19-CV-780-SPC-NPM, 2021 WL 4478247, at *6 (M.D. Fla. Sept. 30, 2021) (denying motion to strike punitive damages when plaintiff "reasonably alleged facts sufficient to demonstrate a reasonable basis to recover punitive damages.").

Third, Defendants argue that they were prejudiced by Plaintiff's failure to comply with the pleading requirements of Federal Rules of Civil Procedure

5

8(a) (requiring, among other things, a "demand for the relief sought") and 9(g) (special damages must be "specifically stated") also fails. (Doc. 51 at 7). Specifically, Defendants challenge Plaintiff's use of a single prayer for relief for all the counts, failure to state a claim for which punitive damages can be recovered, and failure to specify to whom it seeks to recover those damages from. (*Id.* at 6, 7). The Court is not convinced that Defendants have suffered prejudice, even if Plaintiff's execution was haphazard. *ADT LLC v. Vivant Smart Home, Inc.*, No. 20-23391-CIV, 2021 WL 4478932, at *3 (S.D. Fla. Sept. 30, 2021) ("Rule 9(g) merely requires that special damages be 'specifically stated,' not that they be stated with 'particularity.'").

Accordingly, it is

**ORDERED:**

Defendants' Amended Motion to Strike Punitive Damages Claim (Doc. 51) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record