UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FCC HOTEL TOWER, LLC,

       Plaintiff,

v.                         Case No. 2:23-cv-702-SPC-KRH

THOMAS DRUMMOND,
MBOR INVESTMENTS, LLC,
MBOR AMENITIES, LLC, and,
MBOR RENTALS, LLC,

       Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff FCC Hotel Tower, LLC's ("FCC Hotel") Motion in Limine (Doc. # 122) and Defendants Thomas Drummond, MBOR Investments, LLC, MBOR Amenities, LLC, and MBOR Rentals, LLC's Omnibus Motion in Limine (Doc. # 123), both filed on March 9, 2026. Both sides have responded to the other's Motion. (Doc. ## 124, 126). For the reasons that follow, FCC Hotel's Motion is granted in part and denied in part, and Defendants' Motion is denied.

## I.   Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order,

1

remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id.

2

"The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not

disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II.  Discussion

### A. FCC Hotel's Motion

FCC Hotel seeks to exclude five categories of evidence from trial:

1. A select exhibit from Florida state court proceedings;

2. Correspondence among the parties' counsel regarding Defendants' assertions of "false advertising";

3. Nominative fair use;

4. Abandonment; and

5. Any attack on the registered marks as descriptive or lacking secondary meaning.

(Doc. # 122 at 3). The Court will address each separately.

#### 1. Court order from state court proceedings

First, FCC Hotel seeks to exclude Defendants' Exhibit 14, which is a state court order from a separate case, FCC

4

Hotel Tower, LLC et al v. Marco Beach Ocean Resort Condominium Assoc., Inc., et al, No. 11-2022-CA-1769 (20th Fla. Cir. Ct.). (Doc. # 122 at 3-5; Doc. # 124-1; Doc. # 132-2 at 3). That order pertains to the exclusion of certain evidence improperly obtained by the plaintiffs' private investigators.

FCC Hotel's Motion is granted as to category 1. The proffered state court order arises from separate litigation involving different claims, parties, and evidentiary issues. It has minimal to no probative value with respect to the trademark issues to be tried in this case. Contrary to Defendants' assertion, FCC Hotel's motivation in bringing the instant suit is not relevant. See, e.g., Ideal Image Dev. Corp. v. Idealaser Hair Removal Corp., No. 18-20927-CIV, 2019 WL 13064870, at *1 (S.D. Fla. Aug. 28, 2019) ("Evidence of an improper motive for filing this lawsuit is irrelevant to the issue of trademark infringement."); State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC, No. 6:20-cv-1240-WWB-EJK, 2023 WL 4854725, at *4 (M.D. Fla. Jan. 10, 2023) ("[T]he Court agrees that Plaintiffs' motivation for electing to proceed with litigation is not relevant to the resolution of this case and any relevance is substantially outweighed by undue prejudice."). Here, any marginal relevance of the state court order is substantially outweighed by the danger of

5

unfair prejudice, confusion of the issues, and the risk of a mini-trial regarding prior, separate proceedings. See Fed. R. Evid. 401, 403. Further, the Court is not persuaded that the exhibit is properly offered for a non-propensity purpose under Rule 404(b). Defendants may, however, request reconsideration outside the presence of the jury should FCC Hotel open the door to such evidence at trial.

## 2. Cease-and-desist correspondence

Next, FCC Hotel seeks to exclude Defendants' Exhibits 1 and 2, which are cease-and-desist correspondence between the parties' counsel in May 2025. (Doc. # 122 at 6-7; Doc. ## 124-2, 124-3; Doc. # 132-2 at 1-2). In the correspondence, counsel for Defendants accused FCC Hotel of "false advertising" and demanded that FCC Hotel "remove any and all signage on the property suggesting it is a 'resort.'" (Doc. # 124-2 at 1). In response, counsel for FCC Hotel rejected the demands and asserted that Defendant Drummond was the one misleading the public. (Id. at 6).

FCC Hotel's Motion is denied as to category 2. The exhibits are relevant as to the parties' disputes about the source of potential customer confusion regarding the provision of hotel-related services, abandonment of the marks in relation to hotel-related services, and intent to resume

6

hotel-related services in the future. Contrary to FCC Hotel's argument, correspondence between counsel is not categorically inadmissible hearsay and may be admissible as statements of a party opponent. See Fed. R. Evid. 801(d)(2); see also Hanson v. Waller, 888 F.2d 806, 814 (11th Cir. 1989) (finding admissible "statements made by attorneys in a representational capacity").

### 3. Nominative Fair Use

Next, FCC Hotel seeks to exclude any evidence and argument related to nominative fair use. (Doc. # 122 at 7-8). According to FCC Hotel, "there is no allegation in the answer, nor in any pleading or motion filed in this action, that Defendants were referring to FCC's services when using FCC's trademarks on Defendants' advertising and website," and therefore "Defendants should be precluded from arguing to the jury the defense of nominative fair use." (Id.).

FCC Hotel's Motion is denied as to category 3. The Eleventh Circuit has declined to hold that nominative fair use only applies when pled as an affirmative defense. Parsons v. Regna, 847 Fed. App'x 766, 773 (11th Cir. 2021). Accordingly, the Court is not persuaded that the nominative fair use argument is barred merely because it was not raised in Defendants' pleadings. Moreover, nominative fair use may

also be considered as part of the likelihood-of-confusion analysis. See Id. at n.13 ("We do note, however, that nominative fair use is not an affirmative defense set forth in the Lanham Act . . . and that the considerations underlying nominative fair use appear to be more properly considered, if at all, as part of the likelihood-of-confusion analysis."). As the Court noted in its Order on summary judgment, "the property is still called Marco Beach Ocean Resort . . . [and] FCC may also be contributing to the confusion. It maintains the signage on the building, which continues to prominently display both marks even after FCC ended its hotel program, perhaps suggesting a continuity of services that could confuse customers." (Doc. # 100 at 23). Whether Defendants' use of the marks qualifies as nominative fair use is a fact-intensive and context-dependent inquiry appropriately resolved by the jury at trial.

### 4. Abandonment

Next, FCC Hotel seeks to exclude any evidence and argument related to abandonment. (Doc. # 122 at 8). According to FCC Hotel, "Defendants did not plead the affirmative defense of abandonment in their answer to the complaint. As a result, this affirmative defense has been waived." (Id.).

FCC Hotel's Motion is denied as to category 4. Defendants did allege that FCC Hotel abandoned the CREST DESIGN mark. (Doc. # 90 at 18, ¶ 23). The Court also expressly analyzed the abandonment defense in its Order on summary judgment. (Doc. # 100 at 10-11). The Court found that Defendants "argue FCC has abandoned its marks with respect to hotel services because it stopped offering such services and has no plans to resume." (Id. at 11). The Court denied summary judgment on the issue because genuine issues of material fact remain as to FCC Hotel's continued use of the marks and its intent to resume offering hotel services. (Id.). As the Court concluded in its Order on summary judgment, "Defendants' claims for cancellation of FCC's crest mark and limited abandonment of its word mark remain in play." (Id. at 23).

### 5. Descriptive or lacking secondary meaning

Finally, FCC Hotel seeks to exclude any evidence and argument related to attacking the registered marks as descriptive or lacking secondary meaning. (Doc. # 122 at 9). According to FCC Hotel, "the MARCO BEACH OCEAN RESORT and the Crest Design registrations are incontestable . . . [and] '[a] defendant in a trademark infringement action cannot assert that an incontestable mark is invalid because it is descriptive and lacks secondary meaning.'" (Id.) (quoting KP

Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 606 (9th Cir. 2005)).

FCC Hotel's Motion is granted in part and denied in part as to category 5. In its Order on summary judgment, the Court stated that "the marks are at least arguably incontestable" (Doc. # 100 at 15) and that "[t]he MARCO BEACH OCEAN RESORT mark . . . is incontestable under 15 U.S.C. § 1065." (Id. at 17). Accordingly, to the extent FCC Hotel's marks are incontestable, Defendants may not argue that such marks are invalid on the basis that they are merely descriptive or lack secondary meaning. See 15 U.S.C. § 1065; Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 202-205 (1985) (holding that an incontestable mark cannot be defended against on the grounds that the mark is merely descriptive or lacking secondary meaning).

However, Defendants may present evidence and argument concerning the scope, strength, and use of the asserted marks, including whether FCC Hotel uses the marks in connection with the at-issue services and the extent to which such use bears on the likelihood-of-confusion analysis. See HBP, Inc. v. Am. Marine Holdings, Inc., 290 F. Supp. 2d 1320, 1329 (M.D. Fla. 2003) ("[I]ncontestable status — somewhat of a misnomer — does not mean that a mark's strength cannot be attacked."),

10

aff'd sub nom. HBP, Inc. v. Am. Marine Holdings, 129 Fed. App'x 601 (11th Cir. 2005); Wilhelm Pudenz, GmbH v. Littlefuse, Inc., 177 F.3d 1204, 1208 (11th Cir. 1999) ("Once a registration has achieved incontestable status, it is treated as conclusive evidence of the registrant's right to use the trademark, subject to certain enumerated defenses. Thus, incontestability narrows, but does not eliminate, the grounds upon which the trademark's validity may be called into question by a defendant." (citations omitted)).

### B. **Defendants' Motion**

Defendants seek to exclude two categories of evidence from trial:

1. Corrective advertising damages; and
2. Online customer reviews.

(Doc. # 123). The Court will address each separately.

### 1. **Corrective advertising damages**

First, Defendants seek to exclude any evidence and argument relating to FCC Hotel's alleged "corrective advertising" damages, arguing that this damages theory is "speculative and unsupported." (Id. at 2-5). According to Defendants, "Plaintiff's VP of Marketing did not offer any expert reports," "Plaintiff has no witness who has any admissible opinion testimony as to the supposed corrective

11

advertising required," and "Plaintiff itself simply guesses" as to corrective advertising damages. (Id. at 4-5).

Defendants' Motion is denied as to category 1. There is no dispute that corrective advertising damages are recoverable in trademark infringement actions under the Lanham Act. See, e.g., Aronowitz v. Health-Chem Corp., 513 F.3d 1229, 1241 (11th Cir. 2008) ("'[D]amages sustained by the plaintiff' include . . . the costs of corrective advertising or injury to business reputation or goodwill." (citation omitted)). And "'Lanham Act damages [such as corrective advertising damages] may be awarded even when they are not susceptible to precise calculations.'" Id. (citation omitted). Moreover such damages need not be supported by expert testimony. See Id. (finding "sufficient evidence in the record to support [an] award for corrective advertising" where the defendant's chief financial officer offered testimony "[b]ased on his personal experience with Health-Chem and Hercon Laboratories, one of Health-Chem's manufacturing subsidiaries"); see also Open Sea Distribution Corp. v. Artemis Distribution, LLC, 692 F. Supp. 3d 1151, 1245 (M.D. Fla. 2023) (excluding expert testimony on corrective advertising but permitting third-party defendant to testify directly about corrective advertising). "And

significantly, this Circuit has accepted an estimate of future expenditures to support a jury's verdict of damages for corrective advertising." PODS Enterprises, LLC v. U-Haul Intern., Inc., 126 F. Supp. 3d 1263, 1283 (M.D. Fla. 2015) (citing Aronowitz, 513 F.3d at 1241).

Here, in accordance with the parties' agreement and the Court's Order on Defendants' Daubert motion (Doc. # 104), FCC Hotel will not offer expert testimony as to corrective advertising. Instead, FCC Hotel intends to offer the testimony of its Vice President of Sales and Marketing, Ms. Jennifer Nicholson, to establish "the annual marketing expenditures of FCC and the types of actions that would be necessary to correct the damage to FCC's marks." (Doc. # 126 at 3). Such testimony from a knowledgeable corporate witness regarding historical marketing practices and potential remedial efforts may be relevant and admissible, and the Court declines to categorically exclude such evidence. That said, Defendants may raise objections at trial if FCC Hotel's presentation crosses from permissible testimony into impermissible speculation.

### 2. **Online customer reviews**

Next, Defendants seek to exclude evidence of certain online customer reviews, including Plaintiff's Exhibits 15,

16, 25-28, and 48. (Doc. # 123 at 5-9; Doc. # 123-3; Doc. # 132-1 at 3-6). The exhibits show various screenshots of customer reviews on Google, TripAdvisor, and AirBnB. (Doc. # 123-3). FCC Hotel represents that Plaintiff's Exhibit 15 and 27 include reviews "associated with a Google search for 'Marco Beach Ocean Resort;'" Plaintiff's Exhibits 16, 25 and 28 include "Tripadvisor reviews directly associated with Defendants' own website ('Marco Beach Ocean Suites')" and "specifically refer to FCC's mark MARCO BEACH OCEAN RESORT;" and Plaintiff's Exhibits 26 and 48 "include reviews directly from Defendants' Airbnb page, several of which specifically refer to FCC's mark MARCO BEACH OCEAN RESORT." (Doc. # 126 at 5-6). FCC Hotel represents that it intends to offer these exhibits "to demonstrate that numerous online viewers are associating Drummond's services with FCC's mark." (Id. at 4). On the other hand, Defendants contend these reviews are "cherry-picked hearsay" that "lack any probative value and are fraught with evidentiary issues." (Doc. # 123 at 5).

Defendants' Motion is denied as to category 2. The online customer reviews are not hearsay or are subject to the state of mind exception to hearsay. See Lincare Holdings Inc. v. Doxo, Inc., No. 8:22-cv-2349-VMC-AEP, 2024 WL 865881, at *2-3 (M.D. Fla. Feb. 29, 2024) (collecting cases and holding

14

"[t]his Court agrees with the majority approach and finds that the customers' statements . . . are not hearsay or, alternatively, satisfy the state of mind exception"); see also You Fit, Inc. v. Pleasanton Fitness, LLC, No. 8:12-cv-1917-JDW-EAJ, 2013 WL 521784, at *5 n.13 (M.D. Fla. Feb. 11, 2013) ("[T]he comments [posted on yelp.com] are not hearsay because they are not being used to prove the truth of the matter asserted in the comment. Rather, Plaintiffs invoke the comments to demonstrate the consumer's confusion, a then-existing mental state of the declarant who posted the comments." (citing Fed. R. Evid. 801(c)(2) & 803(3))). Indeed, in its Order on summary judgment, this Court found that "FCC has established genuine disputes regarding the strength of the marks and actual confusion," because the "[o]nline reviews submitted by FCC suggest at least some actual confusion among customers." (Doc. # 100 at 15). Accordingly, the online customer reviews are appropriately considered by the jury for the purposes of the actual confusion analysis.

Defendants' remaining arguments do not alter this conclusion. To the extent that Defendants contend the customer reviews are "cherry-picked" or not associated with Defendants' units, Defendants' may raise those issues via

cross-examination or contrary evidence. Further, Defendants may raise objections at trial to exclude or limit specific exhibits if FCC Hotel fails to properly authenticate or lay foundation, or if FCC Hotel's presentation of the evidence proves unduly prejudicial or misleading.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff FCC Hotel Tower, LLC's Motion in Limine (Doc. # 122) is **GRANTED** in part and **DENIED** in part to the extent explained in this Order.

(2) Defendants Thomas Drummond, MBOR Investments, LLC, MBOR Amenities, LLC, and MBOR Rentals, LLC's Omnibus Motion in Limine (Doc. # 123) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

16